IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN ADMIRALTY

AXIS REINSURANCE COMPANY

    Plaintiff

Case No.: 4:08cv168-WS/WCS

v.

JAMES D. HENLEY

    Defendant.
_____/

## AFFIDAVIT OF HOWARD M. REIFF

STATE OF _NY_ )

CITY/COUNTY OF _NASSAU_ )

Howard M. Reiff, being duly sworn, deposes and states:

1. My name is Howard M. Reiff, and I reside at 38 Sugar Maple Dr., Roslyn, New York 11576.

2. I am over 18 years of age.

3. I am Executive Vice President and Underwriting Supervisor at Sullivan and Strauss Agency, Inc. d/b/a Sea-Safe Insurance ("Sea-Safe") and have been employed there for 28 years. Accordingly, I was employed at the time James D. Henley's application for insurance was submitted and therefore knowledgeable about the company's underwriting practices and policies, as they pertain to Mr. Henley's application.

4. This affidavit is based upon my personal knowledge and my inspection, review, and familiarity with the application materials, investigative reports, and correspondence concerning the placement of insurance and the loss in this case.



EXHIBIT B

5. Prior to issuing a policy of insurance, Sea-Safe requires applicants or their brokers to complete its application. The purpose of the application is to collect specific information about the operator, the operator's ownership history, the particular characteristics of the vessel, and its intended use. These matters are critical to making an underwriting decision on whether the Sea-Safe will accept a particular applicant or vessel and ultimately accept the risk.

6. In this case, Mr. Henley furnished his application information through a broker, the John Darr Agency. The application was completed by the broker via telephone in February 2007. The broker represented that the vessel would not be used commercially for even an occasional charter, but solely for private pleasure use.

7. As a result the representations made by, or on behalf of Mr. Henley, Sea-Safe agreed to issue a policy of insurance for a 34-foot Fountain Center Console SF with three 225 horsepower engines (the "Vessel"), Policy Number S19177202.

8. On or about January 19, 2008, Mr. Henley submitted a claim for what he alleged was a covered loss when the Vessel sank.

9. During the adjustment of the loss, our adjusters discovered Mr. Henley was advertising the Vessel for offshore fishing charters through his internet website saltwaterfishn.com.

10. Soon after Sea-Safe's initial discovery that Mr. Henley advertised the Vessel for offshore fishing charters, the website saltwaterfishn.com was altered and all references to offshore fishing charters and the insured vessel were removed.

11. Had I or any other underwriter at Sea-Safe been aware of the foregoing facts regarding Mr. Henley's commercial use of the Vessel, Sea-Safe would have declined to issue any policy of insurance for the Vessel. Mr. Henley's misrepresentation regarding such commercial

use was material to Sea-Safe's underwriting decisions to accept this risk, as the risk would have fallen outside the scope of insurability. Sea-Safe does not insure any vessels engaged in commercial charter.

12. When a request for a premium quotation for insurance is submitted to Sea-Safe for review and consideration, we have no ability to judge the nature of the risk being presented by any means other than the information disclosed therein, and therefore rely on the representations made by applicants and the brokers on their behalf.

13. Accordingly, Sea-Safe was never accorded any opportunity at the underwriting stage to evaluate the true nature of the risk as presented in Mr. Henley's application for insurance.

_____
HOWARD M. REIFF

SWORN TO AND SUBSCRIBED BEFORE ME this _Nov 25_, 2008, by HOWARD M. REIFF, who is either _✓_ known to me or _____ produced _____ as identification.

DAVID STRAUSS
Notary Public, State of New York
No. 31-4617872
Qualified in New York County
Commission Expires _1/31/10_

_____
NOTARY PUBLIC

My Commission Expires: _1/31/10_

4